# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6498 | **DATE** | March 30, 2012 |
| **CASE TITLE** | *Kraft Foods v. Retail Wholesale and Department Store Union* | | |

**DOCKET ENTRY TEXT:**

The court has considered the submissions of the Retirees, who filed amicus curiae filings after being granted leave to do so, as well as plaintiffs Kraft Foods Global and Kraft Foods Global Retiree Medical Plan. It finds that the plaintiffs have standing to proceed with the instant declaratory judgment action, Kraft's 2011 changes to medical coverages for retirees provided by the Plan did not violate any of the applicable CBAs, and the CBAs did not give the Retirees a vested right to a lifetime of unchangeable medical benefits. A declaratory judgment to this effect is hereby entered. Thus, the motion for default judgment filed by Kraft and the Plan [14] is granted. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

■ [ For further details see text below.]

## STATEMENT

*Background*

Plaintiff Kraft Foods Global is a Delaware corporation with its principal place of business in Illinois. Plaintiff Kraft Foods Global Retiree Medical Plan is an ERISA welfare benefits plan administered by Kraft in Illinois. The Plan offers retiree medical coverage to certain Kraft retirees, their eligible dependents and surviving spouses.

Kraft owned and operated a cereal manufacturing plant in Battle Creek, Michigan for several decades until it sold the plant in 2008. While Kraft was operating the plant, hourly-paid production and maintenance employees employed there were represented by defendant United Cereal, Bakery and Foodworkers Local 374 of the Retail, Wholesale and Department Store Union, AFL-CIO (the "Local Union"), which in turn was an affiliate of defendant Retail Wholesale and Department Store Union UFCW CLC (the "National Union") (collectively, "the Unions").

In early 2011, Kraft changed certain retiree benefits. Affected retirees who believe that a series of collective bargaining agreements between the Local Union and Kraft and its predecessors (the "Retirees") prevent Kraft from altering their benefits filed a federal action against Kraft in the United States District

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

Court for the Western District of Michigan. *See Battle Creek Chapter of Local 374 Retirees v. Kraft Foods Global*, No. 11 976. Two days later, Kraft and the Plan filed suit against the Unions in this district.

Unbeknownst to this court, after Kraft filed the Illinois action, both the Retirees and Kraft promptly sought relief from the Michigan court. Specifically, the Retirees asked the Michigan court to enjoin this court from proceeding with Kraft's Illinois declaratory judgment and Kraft filed a motion to stay the Michigan case in favor of the Illinois case. The Michigan court denied both motions. In the meantime, the defendant Unions in the case pending before this court failed to answer or otherwise plead. Accordingly, default was entered against them pursuant to Fed. R. Civ. P. 55(a)

Kraft and the Plan then filed a motion for default judgment in this case seeking a declaratory judgment that:

1. [Kraft was] not prohibited by contract or law from implementing the 2011 changes to medical coverages for retirees provided by the Plan;

2. [Kraft] did not violate the law or any contract by implementing the 2011 changes to medical coverages for retirees provided by the Plan; and

3. The Retirees from the Battle Creek Plant do not have a vested right to a lifetime of unchangeable medical benefits.

Dkt. 14 at PageID#103.

At this point, the case veered from the procedural norm as the plaintiffs from the Michigan case (the "Retirees") sought leave to file an amicus brief in this case opposing the entry of default judgment. They acknowledged that they would not be bound by a default judgment entered in this case but nevertheless voiced a concern that Kraft would raise res judicata in the Michigan case. They also contended that the alleged dispute between Kraft/the Plan/the Unions in this action failed to present an actual case or controversy because the Retirees, not the Unions, would be affected by a judgment entered by this court. Finally, they asserted that even if standing was proper, the court should decline to exercise jurisdiction because the case pending before this court is an improper attempt to forum shop. The court allowed the Retirees to file the amicus brief and set a briefing schedule allowing Kraft and the Plan to file a response and the Retirees to file a reply. The matter is now ripe for disposition.

*Discussion*

The court begins by noting that the Retirees appear to be attempting to have it both ways. On the one hand, they state that they will not be affected by a judgment entered in this case and are merely voicing their opinion as a friend of the court because Kraft and the Plan are acting improperly. *See Ryan v. Commodity Futures Trading Com'n,* 125 F.3d 1062, 1063 (7th Cir. 1997) ("The term 'amicus curiae' means friend of the court, not friend of a party" and is generally proper "when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the

(continued)

lawyers for the parties are able to provide"). On the other hand, they claim that entry of a default judgment in this case will unnecessarily complicate and delay the Michigan case and contend that the Illinois case is procedurally improper.

The court will set aside the parties' unnecessarily vituperative attacks on each other and consider the merits of the pending motion for a default judgment. With respect to Kraft and the Plan's standing to seek a declaratory judgment, the court must consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Rock Energy Co-op. v. Village of Rockton*, 614 F.3d 745, 748 (7th Cir. 2010), *quoting MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). This standard has indisputably been met as the Retirees filed suit against Kraft in Michigan based on the retiree health benefit issue raised in this case mere days before Kraft and the Plan filed this case.

The Retirees have presented no authority showing that they can seek to stay or dismiss this action by filing an amicus brief as opposed to seeking to intervene as a party. Instead, as noted by the court in the Michigan case, "[t]he parties are obviously engaged in tactical efforts to position their respective interests for the best possible consideration of the underlying merits issue of whether certain retiree medical benefits are vested. The retirees understandably prefer the Sixth Circuit approach to this issue, and the employer understandably prefers the Seventh Circuit view." *Battle Creek Chapter of Local 374 Retirees v. Kraft Foods Global*, No. 11 976, Dkt. 20, Page ID#117 (W.D. Mich. Jan. 4. 2012) (unpublished order). A non-party's desire to secure a procedural advantage — here, the opportunity to litigate its claims in its non-preferred jurisdiction while being bound only by the judgment of a court in its preferred jurisdiction — does not entitle that non-party to secure the benefits enjoyed by an actual party, such as the right to urge the court to stay or dismiss a case.

This court leaves the consideration of the preclusive effect of a judgment in this case on the Michigan case, which involves different parties, to the Michigan court, which will apply Sixth Circuit precedent. *But see In re Gallo*, 573 F.3d 433, 437 n.4 (7th Cir. 2009) (a default judgment generally does not have preclusive effect because no issue was actually litigated); *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) ("In federal court res judicata has three elements: (1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts"). The only matter properly before this court is the motion for default judgment filed by Kraft and the Plan and directed at the Unions.

The allegations in the complaint are deemed admitted due to the Unions' default. *See, e.g.*, *Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994). The court has also considered the evidence submitted by Kraft and the Plan in support of their motion for default judgment. Given the Unions' default and the Retirees' decision not to seek leave to intervene in this case, the court is left with only the views of Kraft and the Plan and the evidence that they have submitted.

Kraft and the Unions negotiated and entered into a series of successive CBAs when Kraft owned the cereal plant in Michigan. Pursuant to those CBAs, Kraft offered health insurance benefits to its active, hourly employees represented by the Unions. It also offered health insurance through the Plan to former employees who satisfied retiree medical eligibility requirements as of their retirement and during their retirement, and to

(continued)

**STATEMENT**

their eligible dependents and surviving spouses. The CBAs do not state that employees have an unchangeable right to continue to receive medical benefits in retirement or that Kraft may not alter retiree medical benefits.

The CBAs, however, do refer to Summary Plan Descriptions ("SPD"s) created by Kraft to communicate the terms and conditions of various Kraft-sponsored benefits plans. The SPDs have been revised over the years, but consistently included substantially similar "reservation of rights" language stating that Kraft may change or terminate the Plan at any time. For example, the SPD entitled "Kraft Foods Global, Inc. Medical Summary Plan Description for Retirees (Plan R0YY)" as revised effective January 1, 2006, states:

Right to Amend or Terminate the Plan

Kraft . . . reserves the right to amend or terminate the . . . Plan at any time for any reasons, subject to the provisions of the applicable collective bargaining agreement or as required to comply with applicable federal law or regulations.

Kirchner Decl. at ¶ 11, Ex. K.

Following Kraft's sale of the Michigan cereal plant in 2008, Kraft continued to offer, at no premium cost to the retiree, medical benefits for eligible retirees from the Plant, their eligible dependents and surviving spouses. However, in November 2010, Kraft told Plan participants about certain changes to the Plan that would take effect as of January 1, 2011. These changes alter co-pay amounts paid by some of the plan participants.

Given the Union's default and the lack of any evidence or authority properly before the court that opposes the position of Kraft and the Plan or demonstrates that it is at odds with ERISA, the court finds that no language in the CBAs states that specific medical benefits are vested and cannot be changed. The CBAs, instead, refer to Plan publications which contain reservation of rights language stating that "Kraft . . . reserves the right to amend or terminate the . . . Plan at any time for any reasons, subject to the provisions of the applicable collective bargaining agreement or as required to comply with applicable federal law or regulations." Kirchner Decl., Ex. K. The court, therefore, concludes that Kraft's 2011 changes to medical coverages for retirees provided by the Plan did not violate any of the applicable CBAs and that the CBAs did not give the Retirees a vested right to a lifetime of unchangeable medical benefits. *See Boeing Co. v. March*, 656 F.Supp.2d 837, 861-62 (N.D. Ill. 2009) (vesting is based on language within the CBAs and plan documents). A declaratory judgment to this effect is hereby entered. Thus, the motion for default judgment filed by Kraft and the Plan [14] is granted. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.